# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOHN LEE, #183-953, #412-479,     *

Plaintiff     *

v     *    Civil Action No. CCB-18-770

DEPARTMENT OF PUBLIC SAFETY and     *
   CORRECTIONAL SERVICES,
    *

Defendant

\*\*\*

## MEMORANDUM

John Lee, a Maryland Department of Corrections prisoner housed at Eastern Correctional Institution, filed an action seeking compensation for personal property destroyed by fire on October 9, 2016, while Lee was housed at Jessup Correctional Institution. ECF No. 1. For reasons set forth herein, Lee's motion for leave to proceed *in forma pauperis* shall be granted and the complaint shall be dismissed without prejudice.

### Background

Lee seeks unspecified compensatory damages and states that the sprinkler system failed to extinguish the fire that destroyed the property in his cell.[1] ECF No. 1, pp. 3-4. His administrative action seeking damages against the Department of Public Safety and Correctional Services ("DPSCS") was unsuccessful. *See In the Matter of John Lee,* Case No. C-19-CV-17-000141 (Cir. Ct. for Somerset Co.).[2]

### Analysis

Lee's complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant

---

[1] Lee indicates he was in the prison hospital at the time of the fire.

[2] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?.

to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989). Thus, this court is obligated to examine the tort claim of negligence outlined in Lee's complaint.

Lee has not named a proper party.[3] At most, Lee's complaint appears to involve negligence based on the alleged failure to maintain a working sprinkler system in the prison. This is a tort claim under state law. It does not state a constitutional or federal statutory

---

[3] Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Lee's complaint against DPSCS, a State agency, is barred by the Eleventh Amendment.

violation, and cannot be brought in this Court pursuant to § 1983.[4] *See Daniels v. Williams,* 474 U.S. 327 (1986). His complaint shall therefore be dismissed under the provisions of 28 U.S.C. § 1915(e)(2). Lee is cautioned that under 28 U.S.C. §1915(g) he will not be granted in forma pauperis status if he has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A separate Order follows.

\_\_\_\_3/19/18_____  _____ /S/_____
Date  Catherine C. Blake
  United States District Judge

---

[4] Lee, who appears to be a Maryland resident, does not indicate that the value of the destroyed property exceeded $75,000.00. Thus, it does not appear that Lee has established a basis for diversity jurisdiction under 28 U.S.C. § 1332(a).